IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSEPH NICOLELLA                                                    PETITIONER
REG. #10530-025

v.                                    Case No. 2:16-CV-0055 BRW-JTK


C.V. RIVERA, *Warden*,
FCI Forrest City Low                                               RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge Billy Roy Wilson. Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis for

the objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must be

received in the office of the United States District Court Clerk no later than fourteen (14) days

from the date of the findings and recommendations.  The copy will be furnished to the opposing

party.  Failure to file timely objections may result in waiver of the right to appeal questions of

fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Pending before the Court is a Motion to Dismiss (Doc. No. 5) filed by Respondent.  For the reasons explained below, the motion is GRANTED.

## Procedural History

Petitioner, Joseph Nicolella, is an inmate at the Federal Correctional Institution-Low in Forrest City, Arkansas ("FCI Forrest City-Low") serving a 262-month sentence for distribution of methamphetamine.  (Doc. No. 5 at Ex. A) On April 8, 2016, Petitioner filed a petition for writ of habeas corpus challenging the finding of guilt by the Discipline Hearing Officer ("DHO") and alleging there was no evidence the drugs found in his jacket belonged to him.  (Doc. No. 1) Petitioner claims he is innocent of the charge and that "the drugs were planted there by someone else."  (Doc. No. 1 at 2)   Further, he claims the DHO's conclusion fails to meet the "some

evidence" standard required for a finding of guilt and accordingly requests restoration of the forty-one days of disallowed good conduct time.  *Id.* at 4.

On May 11, 2016, Respondent filed his Response to Petition for Writ of Habeas Corpus and Motion to Dismiss. (Doc. No. 5) In it, he argues that the Petitioner's Fifth Amendment rights to due process were not violated because Respondent met the procedural requirements for a disciplinary action against a prisoner, and there is evidence to support Petitioner's conviction for possession of a narcotic.  *Id.*  The Petitioner responded to the Motion to Dismiss on June 6, 2016, and reiterated his allegations that he was "set up" and that the "drugs were planted by another inmate." (Doc. No. 7 at 3)  Petitioner also argues in his response that the search conducted by the officer was not random and that the DHO is not an impartial party.  *Id.* at 3-4.

## Background

Senior Officer Lindley conducted a random search on January 15, 2015 of Petitioner's assigned locker, jacket, and cubicle and discovered three (3) pieces of paper with a green leafy substance therein in his jacket and betting slips in his locker.   (Doc. No. 5 at Ex. A) Subsequently, the officer wrote Incident Report No. 2671862, charging the Petitioner with Possession of Any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants, or Related Paraphernalia, Not Prescribed for the Individual by the Medical Staff (Offense Code 113) and Possession of Gambling Paraphernalia (Offense Code 326).  *Id.*  Once the forensic laboratory results came back from the Arkansas State Crime Laboratory as positive for marijuana or synthetic marijuana (AB-Pinaca), the incident report was re-written to include such information, and the Petitioner was given a copy of the re-written report on April 20, 2015.  *Id.*  An investigation was conducted of the re-written incident report, and Lieutenant Andrews found the changes to be supported and referred the re-written incident report to the Unit Disciplinary Committee ("UDC").  *Id.*

A hearing was conducted before the UDC on April 21, 2015, at which time the Petitioner denied having any drugs and stated he lived in an open cubicle to which other inmates had access. *Id.* The UDC referred the re-written incident report to the DHO for further hearing, and the Petitioner was provided notice of the disciplinary hearing and advised of his rights. *Id.* Petitioner indicated he did not want to have a staff representative and did not wish to have any witnesses called at the hearing. *Id.*

On May 6, 2015, the DHO hearing was held, and it was confirmed the Petitioner understood his rights at the hearing, including the right to remain silent, to have a staff representative, and to call witnesses. *Id.* During the hearing the Petitioner denied the charges, "admitted to being in the cell when the Officer searched [his] coat and locker, but adamantly denied any knowledge of the marijuana and AB-Pinaca the Officer found in [his] coat," and "claimed someone set [him] up," and requested a lie detector test to prove he was telling the truth. *Id.* at 5.

After considering all the evidence, the DHO expunged the Offense Code 326 charge and found the petitioner committed a violation of Offense Code 113.[1] *Id.* at 6. Furthermore, the DHO disallowed forty-one days of good conduct time and imposed 180 days loss of commissary,

---

[1] In making this finding, the DHO explained, in part:

> Though I considered your claim to have been set up, other than saying you'd submit to a lie detector test, you were unable to provide evidentiary documentation to support your claim. Lie detector test aren't given during disciplinary hearing nor are they admissible in a court of law. I find credible Officer Lindley's account of this incident as stated above. What tested positive as marijuana by the Arkansas Crime Lab was found in your assigned jacket. I also find it relevant you were in the cell at the time of the search. Inmates are required to ensure their area of responsibility remains free and clear of contraband at all times. It is apparent this wasn't the case. The photo of the substance found in your jacket testing positive for the marijuana further corroborates the report.

> Upon your commitment to any Bureau of Prisons (BOP) facility, you participate in admission and orientation (A&O) wherein you are advised of BOP rules and regulations and your responsibility to abide by the rules. Having narcotics in your possession is a prohibited act.

visits, and e-mail through November 1, 2015.[2]   *Id.* at 6-7.   The DHO report identifying the

DHO's factual findings; the evidence relied upon when making these findings; and the reasons

for the disciplinary action taken was delivered to Petitioner on May 15, 2015.   *Id.*   The report

also informed the Petitioner of his rights to appeal the DHO's action within twenty (20) calendar

days under the BOP's administrative remedy program, which he did, and therefore Petitioner has

exhausted that process.   *Id.*

Discussion

The United States Supreme Court has held that deprivation of good conduct time entitles

a prisoner to those minimum procedures appropriate under the circumstances and required by the

Due Process Clause to insure the right is not arbitrarily abrogated.   *Wolff v. McDonnell*, 418 U.S.

539, 557 (1974).   The Court in *Wolff* held where a prison disciplinary hearing may result in the

loss of good conduct time an inmate must receive: (1) advance written notice of the disciplinary

charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

call witnesses and present documentary evidence in his defense; and (3) a written statement by

the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67.)

Petitioner does not dispute that he was afforded the procedural due process protections

during the course of the disciplinary process; however, the Court will address each of the *Wolff*

---

[2] As reasoning for the sanctions imposed, the DHO stated:

> The action on your part to possess any drug not prescribed to you by medical staff,
> threatens no[t] only the health, safety and welfare of yourself, but of all inmates and staff
> within the institution. In the past, inmates under the influence of drugs have become violent
> towards other inmates, as well as staff, causing serious injuries and/or death.   The
> possession of drugs and drug paraphernalia cannot and will not be tolerated.   The sanctions
> imposed were taken to let you know you, and you alone, are responsible for your actions at
> all times.

requirements.    On April 20, 2015, the Petitioner received notice of the charges in the re-written incident report, and then on April 21, 2015, received notice of the DHO hearing which was held on May 6, 2015.  (Doc. No. 5 at Ex. A)  Upon receiving notice of the DHO hearing, the UDC also advised the Petitioner of his rights at the hearing, and at that time, the Petitioner indicated he did not want to have a staff representative appointed and did not wish to have any witnesses.  *Id.* at 5.  The Petitioner was again advised of his rights at the hearing, including the right to remain silent, to have a staff representative, and to call witnesses.  *Id.*  The Petitioner made a statement at the hearing but did not request a staff representative or call any witnesses.  *Id.*  Finally, the Petitioner received a written report on May 15, 2015, which identified the DHO's findings of fact; the evidence relied upon when making the findings; and the reasons for the disciplinary action taken.  *Id.* at 7.  Accordingly, this Court finds the procedural requirements set forth by the United States Supreme Court in *Wolff* were satisfied throughout the course of the disciplinary proceedings, and therefore, Petitioner was afforded all the procedurally required due process protections.

The only remaining issue left to be decided by this Court is whether or not there is any evidence in the record which supports Respondent's disciplinary decision.  The requirements of due process are satisfied if "some evidence" supports the decision by the DHO to revoke Petitioner's good time credits.  *Hill*, 472 U.S. 445, 454-56.  This Court need not examine the entire record, assess the credibility of witnesses, or weigh the evidence; instead, it must only ensure there was some evidence from which the conclusion of the DHO could be deduced.  *Id.* at 455.

The documentary evidence which was reviewed and relied on by the DHO in making its decision was as follows: (1) Incident Report 2671862; (2) a photograph of the three folded pieces

of paper, the contents of which tested positive for marijuana and AB-Pinaca; (3) the gambling slip; (4) a memorandum from Investigative Specialist B. Flint; (5) Arkansas State Crime Report of Laboratory Analysis; (6) DEA Lists of Scheduling Actions Controlled Substances Regulated Chemicals; and (7) DEA Rules 2015 (effective January 30, 2015).   (Doc. No. 5 at Ex. A) Furthermore, Senior Officer Lindley reported that the drugs were discovered inside the pocket of Petitioner's assigned jacket in his assigned cubicle, which the Petitioner is responsible for keeping clear of contraband pursuant to the Inmate Information Handbook. The Eight Circuit Court of Appeals has held that an inmate's failure to keep his living area free of contraband, in violation of prison rules, is alone enough to satisfy the "some evidence" standard announced in *Hill*.  *Flowers v. Anderson,* 661 F.3d 977, 980-81 (8th Cir. 2011).  Additionally, in *Hartsfield v. Nichols*, the Court found the report from a correctional officer was enough to suffice as "some evidence" with which to base the disciplinary action even though it was disputed by the prisoner and was not supported by any other evidence.  511 F.3d 826, 831 (8th Cir. 2008).

In his petition and throughout the course of the disciplinary proceedings, the Petitioner has maintained his innocence and alleged that the drugs were planted in his assigned jacket by someone else.  (Doc. No. 1 and 7)  Furthermore, he argues that the DHO's conclusion falls "well short of the 'some evidence' standard required for a finding of guilt." (Doc. No. 1)  This Court disagrees.   The undersigned concludes that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause.  It is not required that the evidence logically precludes any conclusion but the one reached by the disciplinary board; instead, due process requires only that there be some evidence to support the findings made by the DHO.  *Hill*, 472 U.S. at 457.  The DHO received evidence in the form of the incident report, the investigation conducted by Lieutenant Andrews of the incident report, as well as additional

documentary evidence supporting the disciplinary action taken; therefore, the Court concludes the disciplinary conviction is supported by some evidence in the record.  This Court finds that the standard dictated by the Supreme Court in *Hill* was satisfied, and therefore, the decision of the DHO complied with the requirements of due process.

This Court need not address the Petitioner's claims that the search was not random or that the DHO is not an impartial party because it has found there is some evidence to support the findings of the DHO, and therefore, it must uphold the decision of the DHO.  Accordingly for the reasons set forth above, it is recommended that Respondent's Motion to Dismiss (Doc. No. 5) be GRANTED, and that the case be DISMISSED WITH PREJUDICE.

SO ORDERED this 10th day of June, 2016.

_____
United States Magistrate Judge